Theodore P. Witthoft (State Bar I.D. No. 021632)
Patrick T. Derksen (State Bar I.D. No. 023178)
**MAY, POTENZA, BARAN & GILLESPIE, P.C.**
201 North Central Avenue, 22nd Floor
Phoenix, Arizona 85004-0608
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
Email: twitthoft@maypotenza.com
Email: pderksen@maypotenza.com

Attorneys for Trustee, Maureen Gaughan

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | Chapter 7 |
| ROBERT CLIFFORD WALKER, ) | Case No. 2:13-bk-03815-EPB |
| Debtor. ) | **MOTION FOR TURNOVER OF BANKRUPTCY ESTATE PROPERTY, PURSUANT TO 11 U.S.C. § 542** |

The Chapter 7 trustee, Maureen Gaughan ("Trustee"), by and through her attorneys, May, Potenza, Baran & Gillespie, P.C. ("MPBG"), hereby submits this motion for an order directing the debtor Robert Clifford Walker ("Debtor") to turnover bankruptcy estate property, pursuant to 11 U.S.C §542 and Bankruptcy Rule 7001. The Debtor is entitled to receive a trust distribution of at least $2,130, held at least $265 of non-exempt cash on the petition date, there is $2,077 of non-exempt equity in Debtor's 2009 PT Cruiser, and Debtor has a 1995 Chevrolet pickup, a 1978 Ford van, a trailer and 100% of the shares of Roblen Construction, Inc., all of which are non-exempt property of the estate and subject to turnover to the Trustee. This Motion is supported by the accompanying Memorandum of Points and Authorities and the entire record before the Court, all of which are incorporated herein by this reference.

# MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND

1. The Debtor filed his voluntary chapter 7 bankruptcy petition on March 15, 2013 (the "Petition Date").

2. Ms. Gaughan is the duly appointed trustee of the Debtor's bankruptcy case.

3. The Debtor and Helen I. Walker ("Ms. Walker") were married on or about October 2, 1992.

4. As of the Petition Date, Debtor and Ms. Walker remained married.

5. As of the Petition Date, Debtor and Ms. Walker had not initiated any divorce proceedings.

6. As of the Petition Date, there was no separation agreement signed by both Ms. Walker and the Debtor.

### Trust Interest

7. As of the Petition Date, Debtor was a beneficiary of the Raymond Clifford Walker Trust.

8. Debtor is entitled to receive an estimated additional $2,130 from the Raymond Clifford Walker Trust.

9. The amount that Debtor is entitled to receive from the Raymond Clifford Walker Trust (the "Trust Interest") is property of the estate.

10. The Trust Interest is not disclosed in the Debtor's Bankruptcy Schedules or Statement of Financial Affairs.

### Garnishment Proceeds

11. As of the Petition Date, Debtor had possession of $265 (the "Garnishment Proceeds") designated for a garnishment by Capital One.

12. The Debtor's bankruptcy petition stayed Capital One's garnishment efforts and Debtor kept the $265.

13. The Garnishment Proceeds ($265) are property of the estate.

**Vehicles**

14. The Debtor's Schedules list a 2009 PT Cruiser (the "PT Cruiser"), bearing VIN 3A8FY48919T546554 as an unencumbered asset of the estate.

15. According to Debtor's Schedules, the PT Cruiser had a value of $7,077.00 as of the Petition Date.

16. The PT Cruiser is property of the estate in which Debtor claims an exemption.

17. The PT Cruiser has at least $2,077 of equity in excess of the allowed $5,000 exemption amount.

18. The Debtor's Schedules list a 1995 Chevrolet 3500 HD Regular Cab (the "1995 Chevy"), bearing VIN 1GBJC34K9SE149753 as an unencumbered asset of the estate.

19. According to Debtor's Schedules, the 1995 Chevy had a value of $800 as of the Petition Date.

20. The Debtor's Schedules list a 1978 Ford 150 Econoline van (the "1978 Ford") as an unencumbered asset of the estate.

**Trailer; Shares of Roblen Construction, Inc.**

21. The Debtor's Schedules list a 1982 single-axle trailer, VIN AZ79301 (the "Trailer") as an unencumbered asset of the estate.

22. According to Debtor's Schedules, the Trailer had a value of $350 as of the Petition Date.

23. During his Rule 2004 exam, Debtor stated that the Trailer is used only between 10% and 20% for business use and the remainder (i.e. 90% to 80%) is used for personal use.

24. The Debtor's Schedules list "100% owner of Roblen Construction, Inc." (the "Shares") as an unencumbered asset of the estate.

25. According to Debtor's Schedules, the Shares had a value of $2,000 as of the Petition Date.

26. Debtor asserts "tools of the trade" exemptions in both the Trailer and the Shares. Concurrently herewith, the Trustee has filed an objection to the asserted exemptions in the Trailer and the Shares.

27. On October 18, 2013, undersigned counsel for the Trustee sent a letter to Debtor's counsel demanding turnover of, among other things, the Trust Interest, the Garnishment Proceeds, the PT Cruiser, the 1995 Chevy, the 1978 Ford, the Trailer and the personal property owned by Roblen Construction, Inc.

28. Debtor has not complied with the Trustee's turnover demand.

**PROPERTY OF THE ESTATE; TURNOVER OBLIGATIONS**

29. On the Petition Date, pursuant to 11 U.S.C. §541, all property of the Debtor became property of the bankruptcy estate.

30. A bankruptcy estate includes all interests of the debtor and the debtor's spouse in community property. 11 U.S.C. § 541(a)(2). [1]

31. The Trust Interest (at least $2,130) is property of the estate, pursuant to 11 U.S.C. §541.

32. The value of the Trust Interest (at least $2,130) is subject to turnover, pursuant to 11 U.S.C. §542.

33. The Garnishment Proceeds ($265) are property of the estate, pursuant to 11 U.S.C. §541.

---

[1] In addition to the items sought pursuant to this Motion, there are other assets which constitute community property of Debtor and Ms. Walker, which were not disclosed in Debtor's Schedules or Statement of Financial Affairs. Concurrently herewith, the Trustee is filing an adversary complaint to recover those assets.

34. The Garnishment Proceeds ($265) are subject to turnover, pursuant to 11 U.S.C. §542.

35. The PT Cruiser is Debtor's community property.

36. The PT Cruiser is property of the estate, pursuant to 11 U.S.C. § 541(a)(2).

37. The $2,077 of excess equity in the PT Cruiser is non-exempt property of the estate, pursuant to 11 U.S.C. §541.

38. The $2,077 of non-exempt equity in the PT Cruiser or its value is subject to turnover, pursuant to 11 U.S.C. §542.

39. The 1995 Chevy is property of the estate, pursuant to 11 U.S.C. §541.

40. The 1995 Chevy or its value is subject to turnover, pursuant to 11 U.S.C. §542.

41. The 1978 Ford is property of the estate, pursuant to 11 U.S.C. §541.

42. The 1978 Ford or its value is subject to turnover, pursuant to 11 U.S.C. §542.

43. The Trailer is property of the estate, pursuant to 11 U.S.C. § 541.

44. The value of the Trailer is subject to turnover, pursuant to 11 U.S.C. §542.

45. The Shares are property of the estate, pursuant to 11 U.S.C. § 541.

46. The value of the Shares (at least $2,000) is subject to turnover, pursuant to 11 U.S.C. §542.

47. Pursuant to 11 U.S.C. § 521, the Debtor has an obligation to cooperate with the Trustee so that the Trustee is able to perform her duties and to surrender all property of the estate to the Trustee. 11 U.S.C. § 521(a)(3) and (4).

48. The Trustee's counsel has demanded turnover of, among other things, the Trust Interest, the Garnishment Proceeds, the PT Cruiser, the 1995 Chevy, the 1978 Ford, the Trailer and the personal property owned by Roblen Construction, Inc.

49. The Debtor has not complied with the Trustee's turnover demand.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests this Court enter its Order:

A. Directing the Debtor to immediately turnover the Trust Interest in the amount of at least $2,130.00 to the Trustee, pursuant to 11 U.S.C. § 542;

B. Directing the Debtor to immediately turnover the $265 of Garnishment Proceeds, pursuant to 11 U.S.C. § 542;

C. Directing the Debtor to immediately turnover the value of the $2,077 of non-exempt equity in the PT Cruiser to the Trustee, pursuant to 11 U.S.C. § 542;

D. Directing the Debtor to immediately turnover the $800 value of the 1995 Chevy to the Trustee, pursuant to 11 U.S.C. § 542;

E. Directing the Debtor to immediately turnover the 1978 Ford or its value to the Trustee, pursuant to 11 U.S.C. § 542;

F. Directing the Debtor to immediately turnover the $350 value of the Trailer to the Trustee, pursuant to 11 U.S.C. § 542;

G. Directing the Debtor to immediately turnover the $2,000 value of the Shares to the Trustee, pursuant to 11 U.S.C. § 542;

H. For the Trustee's attorneys' fees and costs incurred herein; and

I. For such other and further relief this Court deems just and proper under the circumstances of this case.

Respectfully submitted this 29th day of January, 2014.

MAY, POTENZA, BARAN & GILLESPIE, P.C.

By /s/ Patrick T. Derksen       #023178
   Theodore P. Witthoft
   Patrick T. Derksen
   Attorneys for Maureen Gaughan, Trustee

Copy of the foregoing *emailed/mailed
this 29th day of January, 2014, to:

*Christopher J. Pattock
United States Trustee
230 North First Avenue, Suite 204
Phoenix, Arizona 85003-1706
Christopher.J.Pattock@usdoj.gov

*Maureen Gaughan
P. O. Box 6729
Chandler, Arizona 85246
Chapter 7 Trustee
mgaughan@ecf.epiqsystems.com; maureen@mgaughan.com

Robert Clifford Walker
3942 East Elm Street
Phoenix, Arizona 85018
Debtor

*William E. Ponath, Esq.
Bill Ponath Law Offices, PLLC
16421 North Tatum Blvd., Suite 121
Phoenix, Arizona 85032
Attorneys for Debtor
bill@ponathlaw.com


/s/ Cindy Taylor